UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellant,*

v.

GILBERT THACH WALKER, a/k/a Lam
Nguyen, a/k/a Lam Tung, a/k/a Lam
Tung Thanh, a/k/a Tung Thanh
Lam,

        *Defendant-Appellee.*

No. 02-4369

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-02-76-A)

Submitted: August 20, 2002

Decided: September 25, 2002

Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Paul J. McNulty, United States Attorney, Vincent L. Gambale, Assistant United States Attorney, Alessandra DeBlasio, Assistant United States Attorney, Michael E. Rich, Assistant United States Attorney, Alexandria, Virginia, for Appellant. Frank W. Dunham, Jr., Federal Public Defender, Michael S. Nachmanoff, Assistant Federal Public

Defender, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Gilbert Thach Walker was charged in a one-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2000). Walker filed a motion to suppress, arguing the search of his vehicle for the firearm violated the Fourth Amendment. The district court granted Walker's motion to suppress. The Government appeals the district court's order. We affirm.

We review the findings of fact from the suppression hearing for clear error and conclusions of law de novo. *See United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). An officer may briefly detain an individual for investigative purposes if the officer has reasonable suspicion to believe that the individual is engaged in or about to be engaged in criminal activity. *See Terry v. Ohio*, 392 U.S. 1 (1968). Police officers may order individuals out of a vehicle during a traffic stop and may frisk those persons for weapons if there is a reasonable belief that they are armed and dangerous. *See Pennsylvania v. Mimms*, 434 U.S. 106 (1977). In *Michigan v. Long*, 463 U.S. 1032 (1983), the Supreme Court held police officers may search the limited area where a weapon may be hidden in the passenger compartment of an automobile "if the officer possesses a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the officers in believing the suspect is dangerous and the suspect may gain immediate control of weapons." *Id.* at 1049 (quotations and footnote omitted).

We have reviewed the parties' briefs, the joint appendix, and the district court's bench ruling and order. We conclude, based on the

totality of the circumstances, that the officers did not have reasonable suspicion to search Walker's vehicle for weapons. We therefore affirm the district court's order granting Walker's motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*